11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

Vincent
Gerard Bricout

Appellant

Vs.                   No. 11-03-00330-CR -- Appeal from Harris County

State
of Texas

Appellee

 

Vincent Gerard Bricout
appeals from his conviction by a jury of assaulting his wife.  The jury assessed his punishment at 365 days
confinement in the Haris County Jail, recommending
that he be placed on community supervision. 
The trial court followed the jury=s
recommendation and placed Bricout on community
supervision for 2 years.  Bricout asserts in a single issue that he was denied the
effective assistance of counsel at trial. 
We affirm.

We apply a two-pronged test to ineffective
assistance of counsel claims.  Wiggins
v. Smith, 539 U.S. 510, 521 (2003); Strickland v. Washington, 466
U.S. 668, 687 (1984); Thompson v. State, 9 S.W.3d 808, 812
(Tex.Cr.App.1999).  First, Bricout must show that his counsel=s
performance was deficient; second, Bricout must show
that the deficient performance prejudiced the defense.  Wiggins v. Smith, supra at 521;
Strickland v. Washington, supra at 687.

In evaluating the effectiveness of counsel under
the first prong, we look to the totality of the representation and the
particular circumstances of each case.  Thompson
v. State, supra at 813.  A defendant
must demonstrate that counsel=s
representation fell below an objective standard of reasonableness and
prevailing professional norms at the time of the alleged error.  Wiggins v. Smith, supra at 521;
Strickland v. Washington, supra at 688-89. 
A[C]ounsel is strongly presumed to have rendered adequate
assistance and made all significant decisions in the exercise of reasonable
professional judgment.@  Strickland v. Washington, supra at
690.  An allegation of ineffective
assistance must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness.  Thompson v. State, supra at 814.  Our scrutiny of counsel=s performance must be highly deferential,
and every effort must be made to eliminate the distorting effects of
hindsight.  Strickland v. Washington,
supra at 689.      The second prong of Strickland
requires a showing that counsel=s
errors were so serious that they deprived the defendant of a fair trial, i.e.,
a trial whose result is reliable.  Id.
at 687.  In other words, Bricout must show there is a reasonable probability that,
but for counsel=s
unprofessional errors, the result of the proceeding would have been
different.  Id. at 694.  A reasonable probability is a probability
sufficient to undermine confidence in the outcome.  Id. 
The ultimate focus of our inquiry must be on the fundamental fairness of
the proceeding whose result is being challenged.  Id. at 697.

Under normal circumstances, the record on direct
appeal will not be sufficient to show that counsel=s
representation was so deficient and so lacking in tactical or strategic
decision making as to overcome the presumption that counsel=s conduct was reasonable and
professional.  Bone v. State, 77
S.W.3d 828, 833 (Tex.Cr.App.2002). 
Rarely will the trial record contain sufficient information to permit a
reviewing court to fairly evaluate the merits of such a serious allegation.  Id.

            Bricout=s
wife did not testify at trial.  Bricout=s
claim of ineffective assistance of counsel relates to the strategy employed by
his attorney with respect to the admission of evidence from police officers
concerning the assault alleged.  There is
no testimony from Bricout=s
counsel explaining what his strategy was with respect to his objections to the
officers=
testimony.  Consequently, the record is
insufficient to show that Bricout=s counsel=s
representation was so lacking in tactical or strategic decision making as to
overcome the presumption that his conduct was reasonable and professional.

In urging that the record is adequate to address
his claim, Bricout solely relies upon the case of Ex
parte Felton, 815 S.W.2d 733, 735
(Tex.Cr.App.1991). We find that case to be distinguishable because it is a
habeas corpus appeal, not a direct appeal, in which the record reflects the
trial counsel=s reasons
for not making certain objections.  Id.  As previously noted, our record does not
contain counsel=s reasons
for the actions of which Bricout complains.  We overrule Bricout=s sole issue on appeal.

The judgment of the trial court is affirmed.

 

January
13, 2005                                                                      PER
CURIAM

Do not publish.  See
TEX.R.APP.P. 47.2(b).

Panel
consists of: Wright, J., and

McCall,
J., and Hill, J.[1]











[1]John G. Hill, Former Chief Justice, Court of Appeals,
2nd District of Texas at Fort Worth sitting by assignment.